|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| Frances E. Swartz, | Case No.: 2:15-cv-01811-JAD-PAL |
|---|---|
| Plaintiff | **Order Granting Attorney Fees** |
| v. | **[ECF No. 27]** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant | |

Frances Swartz brought this action for judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits under Title II of the Social Security Act ("SSA").[1] After granting the parties' joint motion to remand the case to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for a new decision and the payment of benefits,[2] I approved the parties' stipulation for an award and payment of attorney fees and expenses to Swartz under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), totaling $4,900.[3] Swartz now moves for $16,972.75 in attorneys fees for 35.6 hours worked under 42 U.S.C. § 406(b), which represents 25% of her past due disability benefits paid.[4] The Commissioner does not oppose Swartz's instant motion,[5] Swartz agreed to the fee in a contingency fee agreement that she entered into with her attorney Richard E. Donaldson,[6] and Swartz further supports the fee award in a letter she wrote to Magistrate Judge Peggy Leen, which states, "I have no

---

[1] ECF No. 1.

[2] ECF No. 23 (motion); ECF No. 24 (order).

[3] ECF No. 25 (stipulation); ECF No. 26 (order).

[4] ECF No. 27.

[5] ECF No. 28.

[6] ECF No. 27-2.

reason to object to Mr. Donaldson's payment because that is what we agreed to and he earned it."[7] I grant Swartz's motion.

**Discussion**

Federal courts assess the reasonableness of fee requests, including requests in social security cases, using the "lodestar" method.[8] "To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."[9] The court then may adjust the lodestar upward or downward based on "a host of reasonableness factors, including the quality of representation, the benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment."[10] "Social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence."[11] Because "lawyers are not likely to spend unnecessary time on contingency fee cases" due to the uncertainty of payment, "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case."[12]

The SSA permits an award of contingent attorney fees under 42 U.S.C. § 406(b) for representation before the district court, but the award may not exceed 25% of the total past-due benefits to which the claimant is entitled.[13] "Congress harmonized fees payable by the government under EAJA with fees payable under § 406(b) out of the claimant's past-due social security benefits" by requiring the attorney to "refund to the claimant the amount of the smaller fee . . . up to the point

---

[7] ECF No. 27-3.

[8] *Costa v. Comm'r*, 690 F.3d 1132, 1135 (9th Cir. 2012).

[9] *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[10] *Stetson v. Grissom*, 821 F.3d 1157, 1166–67 (9th Cir. 2016) (internal quotation marks omitted).

[11] *Id.* at 1137 n.1.

[12] *Id.* (internal quotation marks omitted).

[13] 42 U.S.C. § 406(b)(1)(A).

where the claimant receives 100% of the past-due benefits."[14]

Here, Donaldson was successful in helping Swartz obtain a reversal of the Commissioner's unfavorable decision and a remand for the payment of disability insurance benefits she was originally denied. Donaldson also took this case on a contingency basis, at a rate Swartz agreed to and further supported by a letter to Judge Leen, and at a rate that the Commissioner does not oppose and that is within the range allowed by 42 U.S.C. § 406(b). Due to the complexity of social security disability cases, the risk of nonrecovery involved in taking a case on a contingent-fee basis, the fact that neither Swartz nor the Commissioner opposes Donaldson's fee petition, and because Donaldson's contingency-fee rate falls within the range that is specifically allowed under 42 U.S.C. § 406(b), I grant Swartz's motion and I award Donaldson $16,972.75 in attorneys fees under 42 U.S.C. § 406(b). Previously, Donaldson received $4,900 in fees under the EAJA. Thus, when issuing the section 406(b) check for payment to Donaldson, the Commissioner is directed to subtract the amount previously awarded under EAJA and send Donaldson the balance of $12,472.75, less any applicable processing fees allowed by statute.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that Swartz's motion for attorneys fees **[ECF No. 27] is GRANTED**: the Commissioner is directed to send Swartz's attorney, Richard E. Donaldson, $12,472.75, less any applicable processing fees allowed by statute.

DATED May 17, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[14] *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).